**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| Lawrence Sipple, | ) |
| | ) |
| Petitioner, | ) Case No. 1:09-CR-31 |
| | ) |
| vs. | ) |
| | ) |
| United States of America, | ) |
| | ) |
| Respondent. | ) |

O R D E R

This matter is before the Court on Petitioner Lawrence
Sipple's motion to vacate, set aside, or correct sentence
pursuant to 28 U.S.C. § 2255 (Doc. No. 22). For the reasons that
follow, Petitioner's motion is well-taken and is **GRANTED**.

I. Background

On May 18, 2009, the grand jury charged that Petitioner
violated the Sex Offender Registration and Notification Act
("SORNA"), 18 U.S.C. § 2250(a), "on or about July 2, 2008" by
traveling in interstate commerce and failing to update his
registration as a sex offender. On May 8, 2009, Petitioner and
the government entered into a plea agreement in which he agreed
to plead guilty to Count 1. Petitioner changed his original not
guilty plea to guilty during a hearing before the Court on May
12, 2009. During the change of plea hearing, the Court conducted
the colloquy required by Fed. R. Crim. P. 11, which included
making sure there was a factual basis for the plea. Fed. R.
Crim. P 11(b)(3).

1

The statement of facts presented to the Court during the change of plea hearing indicated that Petitioner had two prior convictions in Ohio for corruption of a minor in 1998 and that, therefore, he was required to register as a sex offender in Ohio.  Doc. No. 15.  Further according to the statement of facts, as result of these convictions, Petitioner was designated a Tier II sex offender and, hence, SORNA required him to register as sex offender in any county and state where he resided, worked, or attended school for a period of 25 years. 42 U.S.C. § 16911(3); 42 U.S.C. § 16915(a)(2).  The statement of facts further stated that "[p]rior to July of 2008" Petitioner had established residency in the Commonwealth of Kentucky but that "on or about July 2, 2008" Petitioner re-established his residency in the State of Ohio but failed to register his new address.  Doc. No. 15.

Petitioner came before the Court for sentencing on September 2, 2009.  Doc. No. 19.  At that time, the Court formally accepted Petitioner's guilty plea, adjudged him guilty of Count 1 of the indictment, and sentenced him to a term of 27 months of imprisonment and a lifetime term of supervised release. Petitioner did not appeal either his conviction or his sentence.

SORNA became effective on July 27, 2006.  Congress gave the Attorney General authority to promulgate regulations applying SORNA retroactively to individuals like Petitioner whose convictions for sex offenses occurred before the effective date of the Act.  On February 28, 2007, the Attorney General issued an

2

emergency regulation making SORNA applicable to persons convicted
of sex offenses prior to July 27, 2006.  In <u>United States v.
Cain</u>, 583 F.3d 408 (6th Cir. 2009), however, the Court held that
the Attorney General's emergency regulation violated the notice,
comment, and publication requirements of the Administrative
Procedures Act ("APA").  Consequently, the Court ruled, SORNA
could not be applied retroactively to Cain, whose sex offense
conviction pre-dated the effective date of the Act, because there
was no regulation in place that required him to register during
the times alleged in the indictment.  <u>Id.</u> at 424.

        The Attorney General subsequently enacted regulations
applying SORNA to persons whose sex offense convictions predated
the effective date of the Act that complied with the APA.  Those
regulations, however (dubbed SMART for the Office of Sex Offender
Sentencing, Monitoring, Apprehending, Registering, and Tracking)
did not become effective until August 1, 2008.  In <u>United States
v. Utesch</u>, 596 F.3d 302, 313 (6th Cir. 2010), the Court held that
SORNA cannot be applied retroactively to individuals with pre-
SORNA sex offenses before the effective date of the SMART
regulations.  Most recently, the Supreme Court ruled that SORNA
cannot be applied retroactively to acts of interstate travel that
occurred before the effective date of the Act.  <u>Carr v. United
States</u>, 560 U.S. ___, ___S. Ct.___, No. 08-1301, 2010 WL 2160783,
at *11 (June 1, 2010).  In <u>Carr</u>, however, the Court specifically
stated that it was not expressing any opinion on whether the Act
applies to persons with pre-SORNA sex offenses whose travel and

3

failure to register occurred after the effective date of the Act and before the promulgation of the Attorney General's emergency regulations.  Id. at *5 n.2.  Consequently, both Cain and Utesch remain the law of the Sixth Circuit concerning the validity of the Attorney General's emergency regulations and the applicability of the SMART regulations, respectively.

Petitioner filed the instant motion to vacate, set aside, or correct sentence on March 26, 2010.  Petitioner's motion is based on Cain and Utesch and presents two separate but related claims.  Petitioner argues that pursuant to Cain and Utesch, SORNA cannot be applied retroactively to persons such as himself with pre-SORNA sex offense convictions whose interstate travel and failure to register occurred before the effective date of the SMART regulations.  Petitioner thus contends that he is actually innocent of violating SORNA because his failure to register was not an offense.  Petitioner then argues that his guilty plea was not intelligently given because at that the time he was unaware that the charge to which he was pleading guilty was not a federal crime.  Petitioner, therefore, moves the Court to vacate his conviction and sentence and to dismiss the indictment.  Petitioner concedes that his claims are procedurally defaulted for failure to file a direct appeal but contends that the default can be excused under the actual innocence standard.

## II. Standard of Review

To warrant relief under 28 U.S.C. § 2255, a petitioner must demonstrate the existence of an error of constitutional

4

magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.  Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005).  Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

III. Analysis

The Court starts its analysis somewhat in reverse order by recognizing, as it must, that Petitioner has correctly shown that, in light of Cain and Utesch, he did not violate SORNA as charged in the indictment.  As the indictment states, Petitioner's predicate sex offense convictions occurred in 1998, before the effective date of SORNA.  Moreover, according to the indictment and statement of facts accompanying the plea agreement, Petitioner's interstate travel and failure to register occurred "on or about July 2, 2008."  Therefore, because as alleged in the indictment Petitioner's interstate travel and failure to register occurred before the effective date of the SMART regulations, SORNA cannot be applied retroactively to criminalize his conduct without violating the Ex Post Facto Clause.  Utesch, 596 F.3d at 312-13.

In its brief in opposition, the government notes that according to the presentence report in this case, Petitioner re-established his residency in Ohio on July 2, 2008 and was

5

arrested in Kentucky on March 6, 2009.  Therefore, according to the government, the facts support a conclusion that Petitioner repeatedly traveled in interstate commerce between July 2, 2008 and March 6, 2009.  In proffering this argument, the government relies on the indictment's allegation that the offense occurred "on or about July 2, 2008" to reach acts of interstate travel it infers occurred after the effective date of the SMART regulations.  Petitioner, however, argues that he pled guilty to a charge that allegedly occurred "on or about July 2, 2008" and not to other acts that can be gleaned from the presentence investigation report.  Petitioner contends that acceptance of the government's position would result in a violation of his Fifth Amendment rights to due process and fair notice of the charges against him.

The Court agrees.  When the indictment charges that the defendant committed the offense "on or about" a certain date, the government is only required to prove that the offense occurred reasonably near that date.  <u>United States v. Ford</u>, 872 F.2d 1231, 1236 (6th Cir. 1989).  "[T]he "'reasonably near'" rule . . . contemplates a single act the exact date of which is not precisely known by the grand jury, and, therefore, does not need be proved with exactitude."  <u>Id.</u>  The "reasonably near" rule, however, does not permit the government to convict the defendant for uncharged conduct that occurred in close proximity to the

date alleged in the indictment.  Id.  "Absent language indicating the grand jury's intent to permit a conviction based on more than one incident of criminal conduct, a court cannot assume that a grand jury would have included in its indictment an additional incident of criminal conduct."  Id.  An unconstitutional constructive amendment of the indictment occurs if the defendant is convicted for conduct not charged by the grand jury in the indictment.  Id. at 1236-37.  In this case, the government's argument in opposition to Petitioner's actual innocence claim, if accepted, would result in an unconstitutional constructive amendment to the indictment because it is clear that it contends that Petitioner's conviction is valid based on additional uncharged acts of interstate travel that occurred after the date alleged in the indictment and presumably after the effective date of the SMART regulations.  See Doc. No. 30, at 3 (government's brief arguing that the facts of case show that Petitioner "had been traveling in interstate commerce between July 2, 2008 and March 6, 2009.").  Consequently, the Court must reject this argument.

The foregoing discussion should sufficiently illustrate that Petitioner is actually innocent of the offense charged in the indictment and that, therefore, the procedural default of the claims in his motion should be excused.  As Petitioner correctly points out in his brief, his case is substantially similar to

7

<u>Waucaush v. United States</u>, 380 F.3d 251 (6th Cir. 2004).  In that case, Waucaush was a gang member who pled guilty to participating in a RICO conspiracy.  Waucaush filed an appeal from his conviction but did not challenge the voluntariness of his plea. After Waucaush's conviction, however, a change in the law restricted the scope of the Commerce Clause and took his conduct outside the reach of the RICO statute because the gang's activities did not have a sufficient effect on interstate commerce.  <u>Id.</u> at 254-58.  The Court, therefore, determined that Waucaush was actually innocent of violating RICO, excused his procedural default, and went on to consider the merits of his challenge to the voluntariness of his plea.  <u>Id.</u> at 258. Similarly, in this case, Petitioner has established that he is actually innocent of violating SORNA because new case law has established that there were no valid regulations in place criminalizing his conduct on the date alleged in the indictment. Accordingly, Petitioner's procedural default of his claims is excused.

       <u>Waucaush</u> also establishes that Petitioner's guilty plea in this case was not knowing and intelligent and that, therefore, his conviction and sentence should be vacated.  In <u>Waucaush</u>, the Court determined that the petitioner's guilty plea was not intelligently given because he pled guilty to a set of facts which did not constitute a crime.  <u>Id.</u> at 260.  The Court,

8

therefore, concluded that Waucaush's plea was not intelligent and vacated his conviction. Id. at 263. Similarly, in this case, new case law from the Sixth Circuit changed the legal significance of the facts to which Petitioner pled guilty, namely, that they no longer constituted a violation of SORNA. Therefore, Petitioner's guilty plea to the indictment was not intelligent and must be vacated. See id.

Accordingly, for the reasons stated, Petitioner's motion to vacate, set aside or correct sentence is well-taken and is **GRANTED**. Petitioner's conviction and sentence on Count 1 of the indictment are **VACATED**. Additionally, because the indictment is based on conduct occurring before the effective date of the SMART regulations, Petitioner's motion to dismiss the indictment is well-taken and is **GRANTED**. See Utesch, 596 F.3d 312-13; Cain, 583 F.3d at 424.

**IT IS SO ORDERED**

Date June 8, 2010       s/Sandra S. Beckwith
                        Sandra S. Beckwith
              Senior United States District Judge